MEIERHENRY, Justice
(concurring in result).
[¶ 30.] I agree with the conference opinion on issue one but disagree with the analysis on issue two. The inevitable discovery doctrine was inappropriately raised sua sponte by the circuit court and should not be the basis of this Court’s affirmance of issue two.
[¶ 31.] The circuit court determined that Guthrie had a reasonable expectation of privacy in his prescription drug records protected against search and seizure without a warrant. See Douglas v. Dobbs, 419 F.3d 1097, 1102 (10th Cir.2005) (“concluding that protection of a right to privacy in a person’s prescription drug records, which contain intimate facts of a personal nature, is sufficiently similar to other areas already protected within the ambit of privacy”); see also Whalen v. Roe, 429 U.S. 589, 602, 97 S.Ct. 869, 878, 51 L.Ed.2d 64 (1977) (determining that individuals have a limited right to privacy in their medical records). Consequently, the circuit court determined that the State should have sought a search warrant before seizing the *549 prescription records rather than using a subpoenas duces tecum. See Roe v. Se. Pa. Transp. Auth. (SEPTA), 72 F.3d 1133, 1138 (3d Cir.1995) (“An individual using prescription drugs has a right to expect that such information will customarily remain private.”); King v. State, 272 Ga. 788, 535 S.E.2d 492, 497 (2000) (holding that a defendant’s medical records cannot be subpoenaed “in the absence of waiver and without notice to the accused or an opportunity to object”).
[¶ 32.] The circuit court was correct, and the State does not defend the use of a subpoenas duces tecum on appeal. Consequently, failure of Guthrie’s trial counsel to challenge the seizure was ineffective assistance of counsel. Nevertheless, Guthrie still had the burden of showing prejudice. Even if the pharmacy records had been suppressed, there was other evidence of Guthrie’s drug prescriptions. The physician’s assistant, Jean Thompson, testified that she had seen Guthrie as a patient on April 29, 1999, and had prescribed Resto-ril for his complaints of insomnia. Thompson also testified that Guthrie’s wife, Sharon, called later that morning and asked Thompson to call in the prescription because Guthrie had lost the first prescription. Thompson further testified that one of the first things that Guthrie said to Thompson at the time of the funeral was that “he didn’t know anything about the second prescription being filled, that Sharon apparently filled a prescription for Restoril and was taking it without his knowledge.” Thompson testified at length regarding all the drugs she had prescribed for both Guthrie and Sharon. Likewise, police officers had retrieved the prescription bottles from the home at the time of Sharon’s death.
[¶ 33.] In light of all the evidence, Guthrie has not shown a reasonable probability that the illegally seized pharmacy records would have affected the outcome of the trial. Cordell, 2003 SD 143, ¶ 8, 673 N.W.2d at 53 (quoting Luna, 411 N.W.2d at 659). The trial court determined that the other evidence overwhelmingly supported a guilty conviction. I would affirm on this basis. There is no need to delve into the inevitable discovery rule. The inevitable discovery doctrine only permits otherwise excluded evidence “[i]f the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means.... ” Nix, 467 U.S. at 444, 104 S.Ct. at 2503, 81 L.Ed.2d 377 (emphasis added). The burden of proof rests with the prosecution. The State had not urged nor presented evidence to support inevitable discovery. Nevertheless, the circuit court applied the inevitable discovery doctrine post-hearing without either party having an opportunity to address it. Here, it is unnecessary and ill-advised for a court to sua sponte apply a legal theory without any forewarning to the defendant. Neither the circuit court nor this Court should surmise what law enforcement may have done in this case. The court’s role is to decide an issue based on the facts presented.